UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                               )
DOMINICK T. RATLIFF,           )
        Plaintiff,             )
                               )
        v.                     )    C.A. No. 15-439 S
                               )
Ashbel T. WALL, et al.,        )
        Defendants.            )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is a Third Amended Complaint (ECF No. 19) filed by Plaintiff Dominick T. Ratliff, _pro se_, an inmate at the Adult Correctional Institutions, Cranston, Rhode Island, pursuant to 42 U.S.C. § 1983. He alleges a number of violations of his civil rights by ACI officials and officers. Ratliff has also filed an Application to Proceed without Prepayment of Fees and Affidavit (ECF No. 2) and a request, which the Court treats as a motion, for Court-appointed counsel (ECF No. 3).

The Court is required to screen the Third Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Having done so, the Court finds, on initial review, that the Third Amended Complaint states a claim on which relief may be granted.

I.   LAW

In connection with proceedings _in forma pauperis_, § 1915(e)(2) instructs the Court to dismiss a case at any time if

the Court determines that the action:  "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Similarly, § 1915A directs courts to screen complaints filed by prisoners against a governmental entity, officer, or employee of such entity and dismiss the complaint, or any portion thereof, for reasons identical to those set forth in § 1915(e)(2).  28 U.S.C. § 1915A.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)B and § 1915A is identical to the standard used for ruling on a Rule 12(b)(6) motion." Chase v. Chafee, No. CA 11-586 ML, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011) (citing Pelumi v. Landry, No. 08-107, 2008 WL 2660968, at *2 (D.R.I. June 30, 2008)).  The Court must review pleadings of a pro se plaintiff liberally, accepting his well-pled allegations as true, and construing them in the light most favorable to him. Chase, 2011 WL 6826504, at *2 (citing Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009); Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, "the Court need not credit bald assertions, unverifiable conclusions, or irrational factual allegations." Id. (citing Iqbal, 556 U.S. at 662).  "To state a claim on which relief may be granted, the complaint must 'contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face.'" Id. (quoting Iqbal, 566 U.S. at 678).

II.  DISCUSSION

A.  Third Amended Complaint

Ratliff filed his original Complaint (ECF No. 1) on October 19, 2015.  Because the Complaint was lacking in several respects, the Court ordered him to file a First, Second, and, ultimately, Third Amended Complaint.[1]

Ratliff alleges that he has been subjected to continuous harassment, discrimination, threats against him, and bookings for frivolous infractions, among other claims.  (Third Am. Compl. 1, ECF No. 19.)  According to Ratliff, this treatment began when he was housed at the Intake Services Center, continued after his assignment to Maximum Security, and apparently persists to the present.  (Id.)  Ratliff names as Defendants Ashbel T. Wall, Director of the Rhode Island Department of Corrections, Assistant Director James Weeden, Warden Matthew Kettle, Assistant Warden Jeff Aceto, Captain Duffy, Lieutenant Burt, Correctional Officer Gardner, Correctional Officer Largy, SIU Detective Corbral, and

---

[1] The First and Second Amended Complaints failed to rectify the deficiencies in the original Complaint in large part because Ratliff had been transferred to a prison in New Mexico and had not received his legal papers, including the Complaint.  (ECF No. 17-2 1.)

Correctional Officer Dove.   (Compl. 3, ECF 1.)   Ratliff seeks injunctive relief, compensatory and punitive damages, restoration of good time credits, dismissal of his remaining segregation confinement time, an out-of-state transfer, and the return of personal property.   (Third Am. Compl. 7-8, ECF No. 19.)

Ratliff appears to have cured the majority of the deficiencies in his earlier complaints.   Reviewing Ratliff's pro se Third Amended Complaint liberally, Estelle, 429 U.S. at 106, accepting his factual allegations as true, Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001), and construing all reasonable inferences in his favor, id., the Court concludes that, at this early stage, Ratliff has stated sufficient facts to state a claim to relief that is plausible on its face. Accordingly, he may proceed with his Third Amended Complaint.

The Third Amended Complaint is the operative complaint. However, Defendants are directed to refer also to the first three pages of the original Complaint, as the Third Amended Complaint continues from that point ("Statement of Claim").

B.   Application to Proceed in Forma Pauperis

Ratliff has submitted the affidavit required by 28 U.S.C. § 1915(a)(1) and a copy of his inmate account statement.   Although the account statement is not certified by an appropriate official at the Adult Correctional Institutions ("ACI"), as required by §

4

1915(a)(2), at the Court's direction Ratliff submitted a sworn statement detailing his efforts to obtain a certified account statement. After reviewing the documents, the Court GRANTS his Application.

Ratliff is still required to pay the statutory filing fee of $350 for this action. Pursuant to the Prison Litigation Reform Act, adopted April 25, 1996, and codified at 28 U.S.C. § 1915(b), a prisoner seeking to file in forma pauperis must pay, when funds exist, an initial filing fee of the greater of 20% of the average monthly deposits to his account or the average monthly balance for the six months prior to the filing of his complaint. See 28 U.S.C. § 1915(b)(1). Subsequently, a prisoner must pay monthly 20% of the previous month's balance in his account. See 28 U.S.C. § 1915(b)(2).

The monthly deposits to Ratliff's account during the relevant period averaged $36.11. During the same period, his average monthly balance was $263.22. Therefore, Ratliff is required to pay $52.64 as an initial filing fee. The ACI is directed to forward to the Court each month 20% of the previous month's balance in Ratliff's account every time that amount exceeds $10 until he has paid the entire filing fee of $350. Ratliff shall make his initial payment of $52.64 on or before June 20, 2016.

C.   Motion to Appoint Counsel

Ratliff also requests Court-appointed counsel.  There is no constitutional right to appointed counsel in a civil case, however, and statutory authority is discretionary.  Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986).  Ratliff must demonstrate that exceptional circumstances are present such that a denial of counsel is likely to result in fundamental unfairness impinging on his due process rights.  DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).

To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on, among other things, the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  Id. at 24.  With respect to the merits of the case, there is nothing in the Complaint which would allow the Court at this point to find that Plaintiff's claims appear to have merit.  Regarding the complexity of the case, although the Court has previously found Ratliff's allegations to be somewhat unclear, he has articulated his basic claims, namely discrimination, violation of his due process rights, and cruel and unusual punishment, and the basis for those claims.  Finally, as to Ratliff's ability to represent himself, he states that he does not know much about the law, has many questions, and needs

guidance. (Mot. to Appoint Counsel 1, ECF No. 3.) However, the same could be said for any number of prisoners who file lawsuits in this Court.

Accordingly, the Court finds that exceptional circumstances are not present in this case which would warrant the appointment of counsel. The Motion to Appoint Counsel is, therefore, DENIED.

IV. Other Motions

Subsequent to his initial filings, Ratliff filed a request, which the Court treats as a motion, to be transferred to New Jersey and have the ACI ship his monies and personal property to him (ECF No. 11). He then filed another request, again treated as a motion, to delay ruling on the motion for transfer (ECF No. 13.)

An inmate has no justifiable expectation that he or she will be incarcerated in a particular prison or state. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); see also Ball v. Beard, 396 F. App'x 826, 827, (3d Cir. 2010) ("[Plaintiff] has no entitlement to incarceration in any particular prison, let alone one outside Pennsylvania.") (citing Olim, 461 U.S. at 245). Accordingly, Ratliff's motion to be transferred to New Jersey is DENIED. The motion to delay ruling on the motion for transfer is DENIED as moot.

III. CONCLUSION

Based on the foregoing, the Court finds that the Third Amended Complaint survives initial scrutiny under §§ 1915(e) and 1915A. Therefore, Ratliff may proceed with the Third Amended Complaint. Ratliff's Application to proceed in forma pauperis is GRANTED.  As noted, Ratliff shall make his initial payment of $52.64 on or before June 20, 2016.  His Motion for Counsel is DENIED.  Ratliff's motion for transfer to New Jersey is DENIED, and his motion to delay ruling on the motion to transfer is DENIED as moot.


IT IS SO ORDERED.

_William E. Smith_
William E. Smith
Chief Judge
Date: May 23, 2016