UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DOMINICK RATLIFF :
:
v. : C.A. No. 15-00439-WES
:
A.T. WALL, et al. :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommended disposition (28 U.S.C. § 636(b)(1)(B)) is Defendants' Motion to Dismiss. (ECF Doc. No. 44). Plaintiff objects. (ECF Doc. No. 57).

**Background**

Plaintiff initiated this pro se action on October 19, 2015. Since he is a prison inmate proceeding in forma pauperis, the case was subject to initial screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff alleges a number of violations of his civil rights by ACI officials and officers. Pursuant to the Court's authority under 28 U.S.C. § 1915(e), Plaintiff was ordered to amend his Complaint on three occasions to clarify his claims and correct certain pleading deficiencies. (ECF Doc. Nos. 6, 15 and 18). Ultimately, Plaintiff's Third Amended Complaint was filed on May 16, 2016. (ECF Doc. No. 19). On May 23, 2016, Chief Judge Smith subjected the Complaint to § 1915(e) screening and concluded that Plaintiff "has stated sufficient facts to state a claim to relief that is plausible on its face." (ECF Doc. No. 20 at p. 4). Chief Judge Smith summarized the claim as follows:

> Ratliff alleges that he has been subjected to continuous harassment, discrimination, threats against him, and bookings for frivolous infractions, among other claims. (Third Am. Compl. 1, ECF No. 19). According to Ratliff, this treatment began when he was

housed at the Intake Service Center, continued after his assignment to Maximum Security, and apparently persists to the present. (Id.) Ratliff names as Defendants Ashbel T. Wall, Director of the Rhode Island Department of Corrections, Assistant Director James Weeden, Warden Matthew Kettle, Assistant Warden Jeff Aceto, Captain Duffy, Lieutenant Burt, Correctional Officer Gardner, Correctional Officer Largy, SIU Detective Corbral, and Correctional Officer Dove. (Compl. 3, ECF 1.) Ratliff seeks injunctive relief, compensatory and punitive damages, restoration of good time credits, dismissal of his remaining segregation confinement time, an out-of-state transfer, and the return of personal property. (Third Am. Compl. 7-8, ECF No. 19.)

Defendants answered the Third Amended Complaint on October 3, 2016. (ECF Doc. No. 29). A telephonic Rule 16 Conference was held on January 10, 2017 and a Scheduling Order issued. (ECF Doc. No. 34). Defendants filed the instant Motion to Dismiss at the tail end of the pretrial period on October 19, 2017. (ECF Doc. No. 44).

**Discussion**

Defendants move pursuant to Rule 12(b)(6), Fed. R. Civ. P., and argue that Plaintiff's Complaint should be dismissed in "total" due to the deficiencies noted in the Motion. Defendants acknowledge that "[t]he bar is set high for a movant under Rule 12." (ECF Doc. No. 44 at p. 3).

Under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, see Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994); taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill Co., 68 F.3d 1443, 1446 (1st Cir. 1995). If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied. Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994).

While a plaintiff need not plead factual allegations in great detail, the allegations must be sufficiently precise to raise a right to relief beyond mere speculation. See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S. 41, 44-45 (1957)). "The complaint must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss." Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Twombly, 550 U.S. at 559). See also Ashcroft v. Iqbal, 556 U.S. 662, 679 ("[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief"). The Court of Appeals has cautioned that the "plausibility" requirement is not akin to a "standard of likely success on the merits," but instead, "the standard is plausibility assuming the pleaded facts to be true and read in a plaintiff's favor." Sepulveda-Villarini v. Dep't of Educ. of Puerto Rico, 628 F.3d 25, 30 (1st Cir. 2010).

Chief Judge Smith applied these standards during a rigorous three-step screening process and ultimately concluded that the Third Amended Complaint "cured the majority of the deficiencies in…earlier complaints" and contained "sufficient facts to state a claim to relief that is plausible on its face." (ECF Doc. No. 20 at p. 4).

Defendants effectively ask the Court to reconsider that determination by raising four targeted challenges to Plaintiff's Third Amended Complaint. After thorough consideration of such challenges in the context of the Complaint, I am not convinced that reconsideration is warranted and do not believe that Defendants have fully addressed the scope and nature of the claims brought by Plaintiff.

First, Defendants contend that certain of Plaintiff's claims are untimely. The statute of limitations for actions brought under 42 U.S.C. § 1983 is drawn from the applicable state law of

personal injury. See Ayala-Sepulveda v. Municipality of San German, 671 F.3d 24, 29 n.3 (1st Cir. 2012). In Rhode Island, the personal injury state of limitation period is three years. R.I. Gen. Laws § 9-1-14; Esposito v. Town of N. Providence, C.A. No. 04-302S, 2006 WL 2711736, at *5 (D.R.I. Sept. 21, 2006); Pascoag Reservoir & Dam, LLC v. Rhode Island, 217 F. Supp. 2d 206, 226 (D.R.I. 2002). Defendants argue that the allegations found on pages 1-4 of the Third Amended Complaint outline events that allegedly occurred between 2007 and January 21, 2013. They argue that such claims are time-barred because they were not filed within the applicable three-year limitations period which expired on January 20, 2016.

Plaintiff's Third Amended Complaint alleges an ongoing pattern of harassment and civil rights violations commencing in 2007 and continuing until the present. Plaintiff initiated this case on October 19, 2015 and thus, assuming relation back of amendments under Rule 15(c), Fed. R. Civ. P., it encompasses claims accruing on or after October 20, 2012. While Plaintiff's Third Amended Complaint may include some distinct time-barred claims, it also asserts a number of claims that are plainly not time-barred, and some of the earlier incidents may be admissible as proof of motive or a continuing course of conduct while not constituting a distinct cause of action. Defendants' one-paragraph argument on statute of limitations simply does not convince the Court at this stage that certain of Plaintiff's claims should be dismissed.

Second, Defendants present another one-paragraph challenge to Plaintiff's claims arising out of allegedly false disciplinary charges. Defendants argue that Plaintiff has no "free standing liberty interest in not having false disciplinary charges filed against him." (ECF Doc. No. 44 at p. 4). Again, Defendants have not convinced the Court that some or all of Plaintiff's claims are subject to dismissal at this stage pursuant to Rule 12(b)(6). While Plaintiff does allege that he was the subject of false disciplinary charges, he claims that it was part of a continuing effort to

harass him and subject him to excessive time in segregation. He also claims that he was frivolously disciplined for writing a book entitled "Brotherhood Corruption." Defendants' barebones argument on this issue simply does not meet their Rule 12(b)(6) burden.

Finally, Defendants contend that Plaintiffs' Third Amended Complaint alleges non-actionable claims of threats and verbal harassment and deprivation of educational programs and hygiene products. Defendants seek to extract these allegations from Plaintiff's claims and evaluate them in a vacuum. While these allegations might fail to state claims as stand-alone causes of action, they must be considered in the context of the entirety of Plaintiff's allegations. Again, Defendants have not convinced the Court that dismissal of these allegations or the Complaint "in total" is presently required by Rule 12(b)(6).

**Conclusion**

For the foregoing reasons, I recommend that Defendants' Motion to Dismiss (ECF Doc. No. 44) be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 7, 2018